*Referee.*

</div>

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## HENRY LEISEROWITZ, PETITIONER, v. PRIMA DONNA SILK MILLS, INCORPORATED, RESPONDENT.

*Decided August 10, 1936.*

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *Clarence B. Tippett.*

\*      \*      \*      \*      \*      \*      \*

Examination of the record discloses that an original petition was filed November 24th, 1934, on account of an accident occurring August 21st, 1934, with the claim that he was lifting heavy weights on the back of a loom, felt a terrific burning pain in the heart region and arm, and then col-

lapsed, and claims permanent heart impairment in addition to temporary incapacity. That claim was duly heard by Deputy Commissioner John J. Stahl on May 27th, 1935, who rendered judgment, in writing July 5th, 1935. which was duly entered, after a careful consideration and adjudication of all of the issues therein raised. The judgment therein decreed appears duly paid by the respondent.

A subsequent petition was filed August 21st, 1935, the same attorney appearing of record therein, with the same allegations substantially involving the merits therein set forth.

The counsel for respondent herein now applies for an order dismissing the petition filed herein on August 21st, 1935, on the grounds that the former determination and judgment herein, dated and entered July 5th, 1935, is *res adjudicata* upon the issue of permanent disability and temporary disability, to the merits of the claim; that there is no jurisdiction to merit presentation of present claim within the meaning, interpretation and intendment of the statute for further award. Counsel has also urged if the petitioner was not satisfied with the judgment as originally rendered, his remedy should have been to appeal from such determination and judgment.

After considering the arguments and submissions of the respective counsel, I conclude and find that the present petition filed contains the same allegations as substantially shown in the first petition filed herein; that the original claim was heard and a judgment duly rendered thereon, and I conclude that the present claim is *res adjudicata* in face of the original petition and the judgment thereon duly entered. Deputy Commissioner Stahl rendered that judgment after a full trial of all the issues, with the parties represented by counsel and witnesses respectively heard.

If it was the intention of the second petition to have been filed for increased disability, I still am of the opinion that the matter should be *res adjudicata*.

Considering the provisions of 21(f) of the statute (*Pamph. L.* 1919, *ch.* 93, *p.* 210; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3882, § **236-24 21(f))), it reads:

"An agreement for compensation may be modified at any time by a subsequent agreement, or a formal award reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or reviewed at any time on the ground that the disability has diminished * * *."

Turning to the judgment rendered by Commissioner Stahl, I find that he held there was no permanent activation of a pre-existing heart condition to petitioner; that the petitioner had failed to establish any permanent disability as a result of the accident of August 21st, 1934; that temporary compensation was awarded to May 22d, 1935, when he found it had ceased and there was no further incapacity to the petitioner, the result of this accident. Therefore, I find that this case is *res adjudicata;* that the extent of disability was determined by the court at a hearing upon the merits of the claim; that the disability had ceased prior to the trial herein held, and there is now no grounds for a review of the issues.

The action of counsel for respondent dismissing the petition, is duly granted.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*